# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| DAVID CHMIEL, | Judge Kane |
| Petitioner, | No. 1:06-CV-02098 |
| v. | **THIS IS A CAPITAL CASE** |
| JOHN E. WETZEL, Commissioner, et al., | |
| Respondents. | |

_____

# REPLY BRIEF IN SUPPORT OF
# PETITIONER'S MOTION TO COMPEL DISCOVERY

TRACY ULSTAD
JAMES MORENO
Federal Community Defender Office
   for the Eastern District of Pennsylvania
Capital Habeas Unit
The Curtis Center – Suite 545 West
601 Walnut Street
Philadelphia, PA 19106

Counsel for Petitioner

Dated: December 18, 2015
       Philadelphia, Pennsylvania

Petitioner, David Chmiel, through undersigned counsel, hereby replies to Respondents' Brief in Opposition to Petitioner's Motion to Compel Discovery:

**I.        ARGUMENT**

This Court has determined Petitioner is entitled to review the Lackawanna County District Attorney's file for evidence of prosecutorial misconduct. Respondents admit they might have the file, but refuse to produce it. Respondents have provided no reasons for refusing its production. They should be compelled to produce it.

> **A.       Respondents likely have the file this Court already ordered produced and have failed to disclose it.**

Respondents have themselves provided the best explanation why production of portions of the OAG file is responsive to Petitioner's request for the Lackawanna District Attorney's file. *See* Pet'r Ex. B (Letter from Philip McCarthy, Dep'y Att'y Gen. to Tracy Ulstad, April 2, 2015). A prosecutor retrying a case does not reinvent the wheel; her work builds on the work already done at the first trial. That is why Respondents admitted that "it is common" to receive files upon referral and that it was "usual[]" for any files from the previous prosecutor to be incorporated. *Id.* at 2 n.1. This gives rise to the inference that Respondents have done here what they ordinarily do: gathered the file from the previous prosecuting authority in order to retry Petitioner.

Respondents have not denied that this ordinary practice was followed in Petitioner's case. In response to Petitioner's straightforward question whether Respondents have ever obtained the file, Respondents gave an evasive response: "The file does not reflect whether any files were provided by the DA's Office to the OAG." *Id.* Respondents continue their evasion in the opposing brief: they are "unaware" of whether they received the Lackawanna file and speculate

that they "*may* never have received" the files. Br. Opp. at 9, Nov. 30, 2015 (ECF No. 95). Respondents do not get the benefit of the doubt they sow. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Given the Attorney General's ordinary practice of receiving and incorporating files like Lackawanna's and Respondents' evasive answers, Petitioner has reason to believe that the OAG file contains the Lackawanna County District Attorney file. This Court should compel the OAG file's production to permit discovery of those documents already ordered produced.[1]

### B. Any objections regarding the production of the OAG file should be deemed waived.

This Motion has focused almost exclusively on whether the OAG file should be produced. Respondents' Brief in Opposition was their opportunity to bring forward any arguments justifying or excusing their failure to disclose. Because they have not done so, those arguments must now be deemed forfeited and any privilege waived.

On April 22, 2015, Respondents made a blanket argument asserting privilege and other grounds for refusing production of the OAG file. Supp. Resp. to Pet'r's 1st Set Interrogs. & Request for Prod. Docs. (ECF No. 83). Respondents asserted for the first—*and last*—time that production of the OAG file would be "unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and [was] protected from disclosure by statute and/or privilege." *Id.* at 4. That blanket claim of privilege was itself improper. *See* Fed. R. Civ. P.

---

[1] Petitioner believes that his request for the OAG file is already encompassed by the terms of this Court's discovery order for the reasons stated above. Efficient resolution of Petitioner's litigation favors compelling this disclosure now. *See* Fed. R. Civ. P. 1. Still, if this Court deems it necessary, Petitioner is amenable to requesting supplemental discovery in the manner provided by the Rules for the Office of the Attorney General file.

34(b)(2)(B) (requiring objecting party to offer "reasons"); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982) (finding blanket objection waived privileges).

In his Motion to Compel, Petitioner then argued that his *Brady* claim defeated any potential assertion of privilege. Respondents have failed to respond to this argument, instead baldly asserting that they "have not waived their objections." Br. Opp. at 9.[2] Yet courts require that "the party asserting the objections must show specifically how each [discovery request] is privileged or vague or overly broad. *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 530 (E.D. Pa. 1999) (citing *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980)); *see also* Fed. R. Civ. P. 34(b)(2)(B). Respondents have made no effort to make this showing.

## II. CONCLUSION

For all of the foregoing reasons, Petitioner respectfully requests the Court grant Petitioner's Motion to Compel and order that Respondents produce the OAG file to Petitioner for his inspection and review.

---

[2] The Respondents suggest that they have been diligent in their efforts to comply with this Court's order. They cite to the fact that they have disclosed 3700 pages to undersigned counsel. This is beside the point and does not negate the fact that it has failed to comply with this Court's explicit order.

Respectfully Submitted,


/s/ James Moreno_____
JAMES MORENO
Pa. Bar No. 86838
TRACY ULSTAD
Pa. Bar No. 87377
Federal Community Defender Office
    For the Eastern District of Pennsylvania
Capital Habeas Unit
The Curtis Center – Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
Counsel for Petitioner


Dated: December 18, 2015
    Philadelphia, Pennsylvania

**CERTIFICATE OF SERVICE**

    I, James Moreno, hereby certify that on this 17th day of December, 2015, a copy of the foregoing documents was served by electronic filings upon the following:

Phillip McCarthy, Esq.
Deputy Attorney General
Pennsylvania Office fo the Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

/s/ James Moreno
James Moreno