IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID CHMIEL,** | : | Civil Action No. 1:06-cv-02098 |
| Petitioner | : | (Judge Kane) |
| v. | : | |
| **JEFFREY BEARD,** Commissioner, | : | **THIS IS A CAPITAL CASE** |
| Pennsylvania Department of Corrections; | : | |
| **LOUIS S. FOLINO,** Superintendent of the | : | |
| State Correctional Institution at Greene; | : | |
| and **FRANKLIN TENNIS,** Superintendent of | : | |
| the State Correctional Institution at Rockview, | : | |
| Respondents | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the Court is Petitioner David Chmiel's motion to compel discovery (Doc. No. 88), Respondents' response in opposition thereto (Doc. No. 95), and Petitioner's reply (Doc. No. 98). In the motion, Petitioner requests that the Court compel Respondents to produce documents relating to Claim II.A of his petition for writ of habeas corpus. Upon careful review, the Court will grant the motion to compel discovery. (Doc. No. 88.)

On September 6, 2002, a jury found Petitioner guilty of three counts of first-degree murder and related counts in the Lackawanna County Court of Common Pleas for killing Angelina Lunario, James Lunario, and Victor Lunario.[1] On September 10, 2002, the jury

---

[1] This was Petitioner's third trial for these charges. Twice previously, following Petitioner's convictions and sentence of death for the murders of the Lunarios, the Supreme Court of Pennsylvania awarded Petitioner a new trial on the issue of Petitioner's guilt. See Commonwealth v. Chmiel, 639 A.2d 9 (Pa. 1994) ("Chmiel-I") (granting Petitioner's direct appeal); and Commonwealth v. Chmiel, 738 A.2d 406 (Pa. 1999) ("Chmiel-II") (granting Petitioner's direct appeal).

returned a sentence of death against Petitioner. After the trial court denied post-sentence motions, the Supreme Court of Pennsylvania affirmed Petitioner's sentence on direct appeal. See Commonwealth v. Chmiel, 889 A.2d 501 (Pa. 2005) ("Chmiel-III"). On October 2, 2006, the United States Supreme Court denied Petitioner's petition for writ of certiorari. Chmiel v. Pennsylvania, 549 U.S. 848 (2006).

After initially submitting a pro se petition for collateral review to the state court, Petitioner was appointed counsel and on June 30, 2008, Petitioner filed a counseled amended PCRA petition. During the course of the PCRA proceedings, Petitioner requested extensive discovery relating to several of his claims. The PCRA court granted in part and denied in part Petitioner's discovery requests during the proceedings. On March 2, 2009, the PCRA court denied Petitioner's PCRA petition. Following an appeal, the Pennsylvania Supreme Court affirmed the lower court's denial of post-conviction relief. See Commonwealth v. Chmiel, 30 A.3d 1111 (Pa. 2011) ("Chmiel-IV").

On May 18, 2012, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is currently pending before this Court. (Doc. No. 32.) Prior to the filing of Respondents' response to the habeas petition, Petitioner filed a motion for discovery on September 25, 2013. (Doc. No. 53.) In the motion, Petitioner asked the Court to permit him to conduct discovery in connection with Claims I.A and II.A of his habeas petition.[2] On September

---

[2] Those claims are set forth as follows:

I. Petitioner's conviction and sentence must be vacated because trial counsel's representation did not meet constitutional standards for effective assistance of counsel due to counsel's failure to investigate, prepare and present the defense case:

2

24, 2014, the Court granted Petitioner's motion for discovery. (Doc. No. 69.) In doing so, the Court found good cause for Petitioner's discovery requests and ordered Respondents to answer Petitioner's interrogatories and produce all requested documents, (see Doc. No. 53-2, Petitioner's First Set of Interrogatories and Requests for Production of Documents Directed to Respondents). Included in the document requests was a request for the Lackawanna County District Attorney's homicide file for the case. (See id.)

In the instant motion and response thereto, the parties set forth the following with respect to their efforts to fulfill Petitioner's discovery requests, specifically those related to Claim II.A. On October 24, 2014, Respondents made an initial production of documents consisting of approximately 2,200 pages. (Doc. No. 88 ¶ 6; Doc. No. 95 at 2-3.) Additionally, Respondents requested additional time to produce the remaining documents and to respond to the interrogatories. (Doc. No. 70.) The Court granted this request by Order dated October 27, 2014.

---

> A. Petitioner is entitled to relief from his conviction because of numerous errors relating to the Commonwealth's introduction of inadmissible, unreliable hair comparison evidence; defense counsel was ineffective for failing to consult with an independent expert to challenge this testimony, failing to seek pretrial preclusion of this unreliable evidence, and failing to object to the prosecutor's misrepresentations to the jury concerning this evidence.
>
> * * *
>
> II. The Commonwealth denied Petitioner his constitutional rights to due process and a fair trial by withholding evidence and by making improper argument
>
> A. The Commonwealth suppressed material impeachment evidence about two key prosecution witnesses, Martin Chmiel and Thomas Buffton, in violation of the Fifth, Sixth and Fourteenth Amendments; prior counsel were ineffective for failing to raise this claim.

(Doc. No. 32 at 3; 4-5.)

(Doc. No. 71.)  On November 24, 2014, Respondents responded to the interrogatories, (see Doc. No. 72), and provided approximately 260 additional pages of documents, (Doc. No. 95 at 3).

After reviewing the submitted discovery, on February 27, 2015, Petitioner's counsel sent a letter to Respondents submitting additional questions and requesting additional documents. (Doc. No. 88 at 17-19, Ex. A, Pet.'s Feb. 27, 2015 Letter.)  Specifically, in response to Respondents' initial response that they could not locate the Lackawanna County District Attorney's homicide file for this case, Petitioner requested "the Attorney General's homicide file for the second and third trial[s],"[3] and stated that this file "is even more relevant to the issues currently before the Court."  (Doc. No. 88 at 18.)  Petitioner's counsel added, "If the Attorney General's office took possession of, received a copy of, or otherwise incorporated portions of the Lackawanna County DA's office homicide file, please produce this file as well."  (Id.)

After receiving an extension of time to resolve the discovery dispute, (see Doc. No. 82), Respondents provided additional responses to interrogatories and approximately 45 pages of documents, but refused to disclose the entire Office of Attorney General ("OAG") file, (Doc. No. 88 ¶ 8; Doc. No. 95 at 3-4).  In support of the refusal, Respondents noted that criminal defendants are not entitled to unfettered access to prosecution files.  (Doc. No. 88 at 21-23, Ex. B., Respondents' Apr. 2, 2015 letter) (citing Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987); see also Commonwealth v. Williams, 732 A.2d 1167, 1175-76 (Pa. 1999)).  As to the additional request for the location of the Lackawanna County District Attorney's file, Respondents responded,

---

[3] The Lackawanna County District Attorney's Office prosecuted the first trial, while the Office of Pennsylvania's Attorney General prosecuted the second and third trials.  (Doc. No. 88 ¶ 7.)

4

> You also ask that any files obtained from the Lackawanna County District
> Attorney's Office be provided. The file does not reflect whether any files were
> provided by the DA's Office to the OAG. However, it is common for files to be
> provided upon referral, and those files are usually incorporated into the OAG's
> file. Any files provided by the Lackawanna County DA were likely incorporated
> into the OAG file and determination of which files originated from the DA would
> be impractical.

(Doc. 88 at 22, n.1.) Petitioner's counsel replied to Respondents by letter dated April 16, 2015, arguing, <u>inter alia</u>, that because the Court already determined that there was good cause for the production of the prosecutor's file from the first trial (<u>see</u> Doc. No. 69), "there is even better cause to have the OAG file from the trial at issue in the current litigation," (Doc. No. 88 at 25-26, Ex. C, Pet.'s Apr. 16, 2015 letter). In addition, Petitioner's counsel noted that the copy of the Pennsylvania State Police ("PSP") report previously provided did not include referenced attachments. (Doc. 88 at 25.)

On April 22, 2015, Respondents filed a supplemental response to Petitioner's first set of interrogatories and request for production of documents. (Doc. No. 83.) In that response, Respondents informed the Court that they intended to provide additional discovery, but also objected to disclosing the entire OAG file, arguing that "such request would be unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and would require Respondents to disclose documents protected from disclosure by statute and/or privilege, including the attorney work product privilege." (<u>Id</u>. at ¶ 15.) On April 24, 2015, Respondents forwarded to Petitioner a copy of the PSP report with attachments totaling approximately 1,260 pages. (Doc. No. 95 at 4.)

After the Court granted Petitioner's two requests for additional time to review the new documents and to file a motion to compel with respect to Respondents' incomplete responses to

the discovery requests, (see Doc. Nos. 85 & 87), Petitioner has filed the instant motion to compel, (Doc. No. 88). The motion to compel is ripe for disposition.

"A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." 28 U.S.C. § 2254 Rule 6(a). The scope of discovery is subject to the district court's discretion. Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011). A court may abuse its discretion if it denies discovery that is essential for a habeas petitioner to fully develop his claim. Id. The burden is on the petitioner to show good cause. Id. However, the court will not authorize a habeas petitioner's "fishing expedition through the government's files in hopes" of finding exculpatory evidence. Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994) (quoted case omitted).

Relevant to the motion before the Court, Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

In the instant case, the Court previously ruled that Petitioner has demonstrated good cause for discovery in connection with Claims I.A. and II.A of his habeas petition. (See Doc.

No. 69.) Specifically, as to the discovery requests relating to Claim II.A, the Court found,

> both Martin Chmiel and Thomas Buffton testified at trial on behalf of the prosecution. They provided important information as to Petitioner's involvement in the murders, as well as Martin's alibi for the night of the crimes. Petitioner has now identified specific items, as well as interrogatories relating to his claim, that could show that the Commonwealth withheld information that these witnesses received favorable treatment in exchange for their testimony against Petitioner, thus supporting Petitioner's claim that this testimony against him was false or misleading. Thus, the Court finds the discovery requests relating to Claim II.A fundamental to the claim.

(Id. at 7.) As a result, among other requests the Court granted Petitioner's request for the production of the Lackawanna County District Attorney's file. (Id.) Respondents initially responded that they could not locate the District Attorney's file. Upon further request from Petitioner for the entire OAG file from the second and third trials, which may contain the District Attorney's file from the first trial, Respondents now are refusing to turn over the entire OAG file. Specifically, Respondents claim that the file contains privileged information.[4] (Doc. No. 95 at 10.) Additionally, Respondents assert that, after their own review of the entire OAG file, they have provided "all responsive documents in their possession." (Id. at 8.) However, in their April 2, 2015 letter to Petitioner, Respondents posited that the District Attorney's file was "likely incorporated into the OAG file," but, "determination of which files originated from the DA would be impractical." (Doc. No. 88 at 22, n.1.) Thus, clearly a discovery dispute remains.

Based on the Court's previous finding of good cause for the discovery of the Lackawanna County District Attorney's file, and because it is within the Court's discretion to grant discovery requests, and because the requested discovery may serve to aid the Court in making a reliable

---

[4] Respondents assert that, if the Court orders Respondents to produce the entire OAG file, they would generate a privilege log. (Doc. No. 95 at 10.)

determination with respect to Petitioner's Claim II.A, the Court will grant Petitioner's motion to compel discovery and direct Respondents to produce the entire OAG file for review by Petitioner. (Doc. No. 88.) To the extent that Respondents assert privilege as to any documents now included in the OAG file, Respondents shall comply with the procedures of Federal Rule of Civil Procedure 26(b)(5).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** the motion to compel discovery (Doc. No. 88) is **GRANTED**. Respondents shall **PRODUCE** to Petitioner for his inspection and review the entire file maintained by the Office of the Attorney General for the captioned case, on or before **April 15, 2016**. To the extent that Respondents assert privilege as to any documents included in said OAG file, Respondents shall **PRODUCE** a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5).

S/ Yvette Kane
YVETTE KANE
United States District Judge

Dated: March 7, 2016.