IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CHMIEL, | Judge Kane |
| Petitioner, | No. 1:06-CV-02098 |
| v. | **THIS IS A CAPITAL CASE** |
| JOHN E. WETZEL, Commissioner, et al., | |
| Respondents. | |

**REPLY IN SUPPORT OF SECOND MOTION TO COMPEL**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Petitioner David Chmiel moves this Court to compel production of prosecution files over which Respondents assert privilege and which may contain evidence of constitutional violations by the prosecution. ECF No. 112. Because Petitioner has shown a substantial need for these documents and no other possible means of obtaining them, this Court should grant the motion.

Respondents oppose this relief. *See* Br. in Opp. (Opp.), ECF No. 117. But Respondents make an unpersuasive case for refusing to comply with this Court's discovery orders and misjudge the scope of the disputed discovery. Petitioner addresses the following principal points of contention.

### 1. Respondents incorrectly identify the documents Petitioner seeks produced.

Respondents assume that Petitioner seeks production of only sixteen documents mentioned in a letter seeking further clarification of their privilege log. Opp. at 7. This is not the case. Petitioner seeks all material this court compelled, including all material Respondents have withheld on the basis of an asserted attorney work-product privilege. *See* 2d Mot. Compel at 2-

1

3. Because no asserted privilege can trump the substantial need in complying with this Court's *Brady* request, *all* of the OAG prosecution file must be produced.

### 2. Petitioner has shown a substantial need: forcing disclosure of attorney work product is at the heart of *Brady* and *Napue*.

The Constitution has already answered the question of substantial need. Respondents offer no citation to case law or legal argument in response to this proposition.

Respondents recite black letter law that forcing disclosure of attorney work-product is "disfavored." *Respondents' Brief in Opposition* at 9. Respondents forget that non-disclosure of material evidence to the defense in a criminal case —even attorney work-product—is not just "disfavored" by the Constitution; it is prohibited. *See Brady v. Maryland*, 373 U.S. 83 (1963). Between a common-law policy and a constitutional command, the Constitution is supreme.

The materials Respondents seek to protect may well "depict the thoughts, impressions, and mental processes of the prosecutors." Opp. at 9. But, under *Brady*, those very materials can be proof positive of a constitutional violation: they might be the undisclosed evidence the defense was entitled to see. *See Cone v. Bell*, 556 U.S. 449, 459 (2009) ("Cone obtained access to the prosecutor's files, in which he found proof that evidence had indeed been withheld from him at trial."). For example, in *Kyles v. Whitley*, the Supreme Court identified the prosecutor's notes of an interview with a key informant as *Brady* evidence. The notes showed that the informant made numerous inconsistent statements. "Notwithstanding the many inconsistencies and variations among [the informant's] statements, neither [the prosecutor's] notes nor any of the other notes and transcripts were given to the defense." 514 U.S. 419, 430 (1995). The Supreme Court's June 22, 2017, decision in *Turner v. United States* likewise discussed "prosecutor's notes" as "suppressed evidence." 2017 WL 2674152, at *7 (U.S. June 22, 2017) (discussing undisclosed "prosecutor's notes" of two separate witness interviews). Although the Court held

that the evidence was not material, the federal government conceded that the "withheld evidence was favorable to the accused, either because it is exculpatory, or because it is impeaching." *See id.* at *8 (internal quotation marks and citation omitted). Therefore, Respondents' belated assertion of privilege in their work-product may be overcome in the service of proving the constitutional violation.

After this Court has already found good cause for discovery of the prosecutor's file based on a substantial showing of a *Brady* and *Napue* claim, Respondents may not now obstruct viewing the most relevant information for proving those *Brady* and *Napue* claims. Petitioner is well past the stage of "rank speculation." Opp. at 9. Petitioner has good reason to believe the file contains evidence relevant to proving a constitutional violation.

### 3. Petitioner proposes inspection of the file in an in camera review.

Petitioner believes in camera review of the compelled documents is appropriate. In camera review may allow this Court to balance the substantial need for finding relevant evidence of a *Brady* or *Napue* violation with the Commonwealth's interest in protecting irrelevant privileged documents from unnecessary disclosure. Respondents' uncompromising opposition does not even seriously consider this remedy. This Court may choose to conduct such a review.

### 4. Conclusion.

For all of the foregoing reasons, Petitioner respectfully requests the Court grant Petitioner's Second Motion to Compel and order that Respondents produce the withheld documents from the OAG file to Petitioner for his inspection or for *in camera* review.

                    /s/ Tracy Ulstad
                    JAMES MORENO
                    TRACY ULSTAD
                    Federal Community Defender for the
                    Eastern District of Pa. Capital Habeas
                    Corpus Unit
                    601 Walnut Street, Suite 545W
                    Philadelphia, PA 19106
                    (215) 928-0520
                    James_Moreno@fd.org

                    Counsel for Petitioner

Dated: June 26, 2017

# CERTIFICATE OF SERVICE

I, Tracy Ulstad, hereby certify that on this 26th day of June, 2017, a copy of the foregoing documents was served by electronic filings upon the following:

Phillip McCarthy, Esq.
Deputy Attorney General
Pennsylvania Office of the Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

/s/ Tracy Ulstad_____
Tracy Ulstad